Broco Oliveras, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
En el presente caso se solicita la revisión de la sentencia del Tribunal de Primera Instancia, Sala Superior de San Juan, dictada el 13 de octubre de 1995, notificada con fecha de 18 de octubre de 1995, mediante la cual se desestimó la demanda presentada al entender ese tribunal que se trataba de una revisión judicial en lugar de una demanda, sin que se cumpliera con los requisitos reglamentarios que aquella precisa.
Revocamos la sentencia por entender que el método apropiado para revisar las determinaciones que nos ocupan del Secretario de Hacienda ("el Secretario") es la demanda y el juicio de novo y no la revisión judicial.
I
El 6 de abril de 1990 el Sr. José Ramos Ortiz, peticionario, presentó reclamación ante el Secretario para que éste le acreditara la suma de $320.00 a una deuda por contribución sobre ingresos correspondiente al año 1989. La suma de $320.00 le había sido reconocida al peticionario como un crédito por derechos pagados y no usados, con relación a un documento no registrado en el Registro *1455 de la Propiedad.
Para la fecha de la reclamación mencionada existían unos recibos pendientes de cobrar por contribuciones sobre ingresos para los años 1979 (Recibo Núm. 800765787) y 1983 (Recibo Núm. 844845157)..
El 27 de mayo de 1992 el peticionario solicitó del Secretario que declarara prescritas las deudas correspondientes a los años contributivos 1979 y 1983 a base de la sección 275 de la Ley de Contribuciones sobre Ingresos de 1954, que dispone que el monto de contribuciones sobre ingresos impuestas será tasado dentro de cuatro años después de haberse recibido la planilla y que ningún procedimiento en corte sin tasación para el cobro de dichas contribuciones será comenzado después de la expiración de dicho término. Mediante carta de 14 de enero de 1993, el Secretario le informó al peticionario que no procedía la cancelación por prescripción de las referidas deudas de los años 1979 y 1983, ya que la sección 276 (C) de la Ley de Contribuciones sobre Ingresos de 1954, 13 L.P.R.A. see. 3276, impide el cobro por la vía de apremio o la vía judicial pero permite que las deudas contributivas puedan cobrarse mediante otros medios: retención del pago a suplidores de servicios o mercancías, descuento de sueldo a empleados públicos, etc. Estos métodos alternos de cobro de contribuciones son autorizados por la Ley de Contabilidad del Gobierno de Puerto Rico, 3 L.P.R.A. sec. 283h(i).
Al peticionario le fue notificada una carta del Secretario, sin fecha, suscrita por la Sra. Evangelina Solá de la División de Reclamaciones y Reintegros, informándole que el crédito a su favor no le sería reintegrado sino que iba a ser retenido para aplicarse a su deuda contributiva.
El 20 de septiembre de 1994 el peticionario radicó una querella ante el Secretario, solicitando un detalle de todas las transacciones que afectaron las cuentas contributivas de los años 1979 y 1983. En la referida querella, el peticionario también solicitó que se concediera el crédito que había sido denegado.
El Secretario, en una carta de 26 de enero de 1995, certificó haber aplicado el crédito de $320.00 a intereses en relación con la deuda contributiva del año 1979. El peticionario alega que recibió esta carta el 15 de febrero de 1995.
Se celebró una vista el 27 de enero de 1995 en la Secretaría de Procedimiento Adjudicativo. El oficial examinador que presidió la vista archivó la misma sin perjuicio el 9 de febrero de 1995, con la anuencia de las partes, para permitir un procedimiento más informal para resolver el caso en el negociado de Recaudaciones.
El Secretario mediante carta de 8 de febrero de 1995, le informa al peticionario según acordado en la vista de 27 de enero de 1995, la forma en que ciertos pagos fueron aplicados a las deudas de 1979 y 1983.
La Juez Administrativa de la Secretaría de Procedimiento Adjudicativo denegó la querella presentada por el peticionaro mediante resolución de 21 de febrero de 1995.
El peticionario radicó una Moción de Reconsideración con fecha de 7 marzo de 1995 en relación con la resolución denegatoria de 21 de febrero de 1995, señalando que existe contradicción entre las resoluciones de 9 y 21 de febrero de 1995.
El 27 de marzo de 1995 el peticionario escribió al Secretario solicitando se le explicara cómo se había aplicado a las deudas contributivas el crédito de $320.00 y manifiesta duda sobre la corrección de los balances existentes.
El 21 de abril de 1995 el peticionario presentó demanda en el tribunal de instancia. En esta demanda el peticionario solicita del tribunal de instancia lo siguiente: que decrete que nada se debe por los años 1979 y 1983 por haber sido pagadas o estar prescritas; se declare con lugar la reclamación por la suma de $320.00; y se le impongan al Secretario costas y honorarios de abogado.
*1456 El Secretario presentó una solicitud de desestimación ante el tribunal de instancia alegando que el peticionario no agotó los remedios administrativos y que el escrito de revisión no cumplía con las normas reglamentarias para este tipo de recurso.
El tribunal de instancia dictó sentencia el 13 de octubre de 1995. Consideró ese tribunal que se trataba de una solicitud de revisión administrativa y que la misma no cumplía con las Reglas para el Procedimiento de Revisión de Decisiones Administrativas ante el Tribunal Superior. El tribunal de instancia desestimó la demanda.
Para revisar la sentencia del tribunal a quo, el peticionario instó el presente recurso. Alega que se cometió error al desestimar la demanda a base del incumplimiento de las normas procesales para la revisión de decisiones administrativas. Alega además que el procedimiento correcto es presentar una demanda.
II
La Ley Núm. 170 de 12 de agosto de 1988, conocida también como la Ley de Procedimiento Administrativo Uniforme, (L.P.A.U.); 3 L.P.R.A. sees. 2101 et seq., aplica a todos los procedimientos administrativos conducidos ante las agencias del Estado Libre Asociado de Puerto Rico que no estén expresamente exceptuadas de la misma.
Posteriormente la Asamblea Legislativa enmendó la Ley Núm. 170 (L.P.A.U.), disponiendo lo siguiente:
"Las disposiciones de este capítulo serán aplicables a aquellas órdenes, resoluciones y providencias dictadas por agencias o funcionarios administrativos que deban o puedan ser revisadas por el Tribunal Superior de Puerto Rico, excepto las dictadas por el Secretario de Hacienda del Estado Libre Asociado de Puerto Rico, las cuales se revisarán mediante la presentación de una demanda y la celebración de un juicio de novo. Todo demandante que impugne la determinación de cualquier deficiencia realizada por el Secretario de Hacienda vendrá obligado a pagar la porción de la contribución no impugnada y a prestar fianza por la totalidad del balance impago de la contribución determinada por el Secretario de Hacienda, en o antes de la presentación de la demanda." (Enfasis suplido) Art. 16 de la Ley Núm. 8 de 30 de noviembre de 1990.
El procedimiento adecuado para revisar las determinaciones sobre reintegro de arbitrios, deficiencias contributivas, recibo de contribución sobre propiedad inmueble, de reintegro y de contribución sobre ingresos, así como las otras determinaciones del Departamento de Hacienda, es mediante la presentación de una demanda a tenor con las leyes contributivas especiales aplicables a cada caso.
En cuanto a reintegros administrativos o créditos por contribuciones, el Art. 1 de la Ley Núm. 232 de 10 de mayo de 1949, 13 L.P.R.A. see. 261, dispone que pueden solicitarse del Secretario de Hacienda por escrito exponiendo los fundamentos para ello. Si la solicitud es denegada total o parcialmente por el Secretario, el contribuyente podrá recurrir contra dicha denegatoria ante el Tribunal Superior radicando demanda dentro del término de 30 días.
De acuerdo con la Sección 323 de la Ley Núm. 91 de 29 de junio de 1954, también conocida como Ley de Contribuciones Sobre Ingresos de 1954, 13 L.P.R.A. see. 3001 et seq., si una reclamación de crédito o reintegro fuere denegada en todo o en parte, el contribuyente podrá recurrir contra esa denegatoria ante el Tribunal Superior, radicando demanda en el término de 30 días.
El método señalado para recurrir mediante demanda ante el Tribunal Superior en el término de 30 días, es también aplicable a las notificaciones de deficiencias de contribuciones sobre ingresos. Ley de Contribuciones sobre Ingresos de 1954; 13 L.P.R.A. sec. 3272(a)(2).
El presente caso se refiere a reintegro de unos derechos pagados en exceso y su aplicación a una deuda específica por contribución sobre ingresos. Otro aspecto del caso se refiere a que se declaren prescritas o se consideren vigentes las contribuciones sobre ingresos adeudadas por los años 1979 y 1983. Ambas cuestiones —sobre rentas internas— están comprendidas en las determinaciones del *1457 Secretario cuya revisión se lleva a cabo mediante la presentación de una demanda.
En el Escrito de Oposición a que se Expida Recurso Presentado por el Secretario, a través del Procurador General, se alega que el peticionario carece de causa de acción que justifique la concesión de un remedio ante el Tribunal de Primera Instancia. No emitimos dictamen alguno sobre los méritos de la reclamación presentada por el peticionario ante el tribunal de instancia. Entendemos que corresponde al tribunal de instancia evaluar los méritos de la mencionada reclamación. El peticionario deberá presentar sus planteamientos ante ese tribunal.
Alega el Secretario que, en atención a la facultad de reglamentación conferida por L.P.A.U., se promulgó el Reglamento 3991 del 15 de agosto de 1989, "Reglamento para Establecer un Procedimiento Uniforme de Adjudicación para los Asuntos bajo la Jurisdicción del Departamento de Hacienda que Deban Ser Objeto de Adjudicación Formal". De acuerdo al Secretario el referido reglamento aplica a los casos como el presente en que la ley especial que cubre la materia no dispone expresamente el derecho a presentar demanda en el tribunal para cuestionar una determinación adversa del Secretario, señala, además, el Secretario que en estos casos la revisión judicial es de acuerdo a L.P. A.U. y no por demanda.
Aunque el Reglamento 3991, supra, fue aprobado con posterioridad a L.P.A.U., supra, la cual fue aprobada el 12 de agosto de 1988, este reglamento se aprobó antes de la enmienda a L.P.A.U. que se hizo mediante la Ley Núm. 8 de 30 de noviembre de 1990. Es esta enmienda la que dispone que las providencias del Secretario sobre asuntos de rentas internas se revisarán mediante la presentación de demanda y la celebración de un juicio de novo. Como antes hemos expresado, entendemos que los dictámenes administrativos que nos ocupan son sobre rentas internas y hacen inaplicable el Reglamento 3991.
III
Por las razones antes expresadas, se expide el auto, se revoca la sentencia y se devuelve el caso de epígrafe a la Sala Superior de San Juan del Tribunal de Primera Instancia para que el mismo sea tramitado de conformidad con lo expresado en la presente sentencia.
Lo acordó y manda el Tribunal y lo certifica la Secretaria General.
María de la C. González Cruz
Secretaria General
ESCOLIO 96DTA36
1. Aunque hemos expresado que el método correcto para recurrir en el presente caso es mediante demanda, el peticionario fue inducido por el contenido de la resolución de 21 de febrero de 1995 a observar los términos para solicitar reconsideración y recurrir de los Artículos 3.15 y 4.2 de la Ley de Procedimiento Administrativo Uniforme, 3 L.P.R.A. sees. 2165 y 2172. El incumplimiento del término para presentar demanda no debe utilizarse en las circunstancias de este caso, para privar al peticionario de la oportunidad de revisar la determinación del foro administrativo.